

FILED

MAY 17 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re: | Case No. 03-23527-D-13L |
| DANIEL and MERCY KELLENBECK, | |
| Debtors. | |
| DANIEL and MERCY KELLENBECK, | Adv. Proc. No. 05-2523 |
| Plaintiffs, | |
| v. | |
| UNION PLANTERS BANK / INDIVIDUALIZED BANKCARD SERVICES, | Date: May 16, 2006 |
| | Time: 1:00 p.m. |
| Defendant. | |

## MEMORANDUM DECISION

### I. INTRODUCTION

MBNA American Bank, N.A. (the "Bank") has motioned the court to vacate the entry of default against it (the "Motion") in an adversary proceeding filed by Daniel Kellenbeck and Mercy Kellenbeck (the "Debtors") to recover a preference. For the reasons set forth below, the court will grant the Motion.

### II. BACKGROUND

The Debtors filed a joint Chapter 13 petition on April 1, 2003. On June 6, 2003 attorney for the Debtors sent a letter to

- 1 -

1 the Bank asserting a preferential payment and demanding a return of
2 certain funds.  The letter is addressed to "Agent for Service for
3 Union Planters Bank, P.O. Box 15137, Wilmington, DE 19886-5137"
4 (the "P.O. Box Address").  The Bank did not respond to the June 6,
5 2003 letter.  Attorney for the Debtors then sent a second letter to
6 the Bank on July 25, 2005, again asserting a preferential payment
7 and demanding return of certain funds.  This second letter gave the
8 ultimatum, that if no response was received within fifteen days,
9 the Debtors would file a complaint seeking recovery of the alleged
10 preference.  The July 25, 2003 letter was also sent to the P.O. Box
11 Address.   The Bank did not respond to the July 25, 2005 letter.

12     On December 21, 2005 the Debtors filed a complaint for
13 recovery of preferential transfer (the "Preference Action").   On
14 December 27, 2005 the Debtors served the Preference Action and
15 summons on the Bank by regular mail at the P.O. Box Address.  As of
16 March 3, 2006 the Bank had not filed an answer, or other responsive
17 pleading to the Preference Action and the Debtors requested entry
18 of default.  Default was entered against the Bank by Clerk of the
19 Bankruptcy Court on March 8, 2006.  On April 9, 2006 the Bank filed
20 the Motion.

21     In support of the Motion the Bank filed the declaration of
22 Kenneth Holton, an assistant vice president of the Bank, and
23 custodian of records (the "Holton Declaration").   The Holton
24 Declaration states as follows: (1) that the Bank's records do not
25 show that it received the Preference Action and summons at any time
26 before April 7, 2006; and (2) the P.O. Box Address is a payment
27 processing address for the Bank.
28 / / /

- 2 -

1  The Motion asserts that it has a meritorious defense to the
2  Preference Action.    Specially, the Motion asserts a statute of
3  limitations defense.    It appears, the Bank may well have a
4  meritorious defense to the Preference Action.

5  <center>III.    ANALYSIS</center>

6  Federal Rule of Bankruptcy Procedure 7004(b) provides "service
7  may be made within the United States by first class mail postage
8  prepaid . . . upon a domestic or foreign corporation or upon a
9  partnership or other incorporated association, by mailing a copy of
10  the summons and complaint to the attention of an officer, a
11  managing or general agent."[1]    An elementary and fundamental
12  requirement of due process in any proceeding which is to be
13  accorded finality is notice reasonably calculated, under all the
14  circumstances, to apprise interested parties of the pendency of the
15  action and afford them an opportunity to present their objections.
16  Mullane v. Central Hanover Bank, 339 U.S.C. 306, 70 S.Ct. 652.

17  Entry of Default may be set aside for good cause shown.    Fed.
18  R. Civ. P. 55(c).    Where timely relief is sought from a default
19  judgment and the movant has a meritorious defense, doubt, if any,
20  should be resolved in favor of the motion to set aside the
21  judgment.    Schwab v. Bullocks, Inc., 508 F.2d 353, 355 (9th Cir.
22  1974).    The "good cause" standard for setting aside an entry of
23  default alone, not a default judgment, is slightly more favorable
24  to the party in default.    See Hawaiian Carpenters Trust Fund v.
25  Stone, 794 F.2d 508, 513 (9th Cir. 1986).    A district court's

27  _____

28  [1] F.R.B.P. 7004 makes applicable Federal Rule of Civil
Procedure 4.

<center>- 3 -</center>

1   discretion is especially broad when it is entry of a default that
2   is being set aside, rather than default judgment.   See Brady v.
3   United States, 211 F.3d 499 (9th Cir. 2000).

4       At the outset it is noted, the Bank's failure to respond to
5   the June 6, 2003 and the July 25, 2005 letters, should have made
6   counsel question whether the letters were, in fact, being received
7   by an officer or managing agent of the Bank.   The Bank has
8   submitted uncontroverted evidence that the Debtors served the
9   Preference Action and summons at a post office box that the Bank
10  used for processing payments.   Further, the Bank has submitted
11  uncontroverted evidence that it does not have record of ever
12  receiving the Preference Action until March 9, 2006 which was after
13  entry of the default.

14      The court finds service by mail of a summons and complaint to
15  a post office box address, which an entity uses for the processing
16  of payments, does not meet the standard set forth in Mullane.   It
17  cannot be said that service at an address used for processing of
18  payments, is reasonably calculated, under all the circumstances, to
19  apprise interested parties of the pendency of the action.   If, when
20  serving a complaint pursuant to F.R.B.P. 7004, a party does nothing
21  more than use the address off a billing statement, an address where
22  payments are to be sent, the plaintiff assumes the exact type of
23  risk that has surfaced in this case.   Specifically, that service
24  will be inadequate, and any relief afforded by default is subject
25  to being set aside for faulty service.[2]

26

27      [2] With today's technology, it is easy enough to find the
    service address of record, or the agent for service of process,
28  for most any business entity.

- 4 -

1    After entry of the default against it the Bank acted promptly

2  in filing the Motion and requesting that the default be set aside.

3  The Bank has also presented a prima facie meritorious defense to

4  the  Preference  Action,  that  being  the  two-year  statute  of

5  limitation imposed by 11 U.S.C. § 546(a).

6                          **IV. CONCLUSION**

7    For the reasons stated above, the court finds that good cause

8  exists for setting aside the default and the court will issue an

9  order accordingly.

10 Dated:

11       MAY 1 7 2006

12                              _Robert Bardwil_
                                ROBERT S. BARDWIL
13                              United States Bankruptcy Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 "I" Street, Room 7-500
Sacramento, CA 95814

John O'Donnell
915 University Avenue
Sacramento, CA 95825

Mary Ellen Terranella
1652 W. Texas Street, Suite 222
Fairfield, CA 94533

Dated:    MAY 1 7 2006                    _____
                                          Andrea Lovgren